**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**-------------------------------------------------------------X**

**UNITED STATES OF AMERICA,**

        -against-                                    **No. 12 CR 0006 (PAE)**

**ERVAN PURNELL,**

        *Defendant.*

**-------------------------------------------------------------X**

**MEMORANDUM IN AID OF SENTENCING**
**ON BEHALF OF DEFENDANT ERVAN PURNELL**

                            Jane Fisher-Byrialsen, Esq.
                            *Attorney for Ervan Purnell*
                            Fisher, Byrialsen & Kreizer, PLLC
                            291 Broadway, Suite 709
                            New York, New York 10007
                            (212) 962-0848, ext. 111
                            Byrialsen@FBKLegal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,

       -against-                                    No. 12 CR 0006 (PAE)

ERVAN PURNELL,

       *Defendant.*

-------------------------------------------------------------X

**MEMORANDUM IN AID OF SENTENCING**
**ON BEHALF OF DEFENDANT ERVAN PURNELL**

**I.  Introduction**

    This sentencing memorandum is submitted on behalf of Mr. Ervan Purnell to assist the Court in determining an appropriate sentence.  Sentencing is scheduled for September 27, 2012, at 2: p.m.

    This memorandum is respectfully submitted on behalf of Mr. Purnell in support of his prayer for a sentence below the guideline range enumerated in the Presentence Investigation Report (PSR).  We respectfully submit that such a sentence is warranted based on Mr. Purnell's age and failing health.

**Objections/Corrections to the Presentence Investigation Report**

    Mr. Purnell's objections to the PSR were specified in a letter to Probation Officer James S. Mullen, in a letter dated August 27, 2012.  However, as the final report has yet to be prepared

1

Mr. Purnell has not had an opportunity to review said report and therefore reserves his right to make further objections to the final report orally as his sentencing if necessary.

## SENTENCING CONSIDERATIONS PURSUANT TO 18 U.S.C. §3553(a)

The Supreme Court has held that the Sentencing Guidelines are "effectively advisory," United States v. Booker, 543 U.S. 220, 245 (2005), and has empowered district judges with "considerable discretion" in determining whether a non-guidelines sentence is justified. United States v. Jones, No. 05 Cr. 5879, 2008 WL 2500252, *7 (2d Cir. June 24, 2008). Indeed, Booker instructs district courts to consider all of the statutory factors listed under 18 U.S.C. § 3553(a) in order to tailor an appropriate sentence based on the defendant's specific situation and particular circumstances. See Kimbrough v. United States, 128 S.Ct. 558, 570 (2007) (citing Booker, 543 U.S. at 245-46); see also Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456, 2463 (2007). The Second Circuit recently echoed this requirement, directing courts to "make an 'individualized assessment' of the sentence warranted by §3553(a) 'based on the facts presented.'" Jones, 2008 WL 2500252 at *6 (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)); see also United States v. Koon, 518 U.S. 81, 113 (1996) ("It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate . . . the crime and the punishment to ensue").

In Rita, the Court noted the right and importance of all parties to be heard at sentencing as to the appropriate punishment: "In determining the merits of [the parties'] arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." 127 S.Ct. at 2465 (citing Booker, 543 U.S. at 259-60). By extension, the

Supreme Court has held that a non-guidelines sentence is not presumptively unreasonable. See Gall, 128 S.Ct. at 597. Further, a sentencing court need not justify the imposition of a non-guidelines sentence with "extraordinary" circumstances. See Jones, 2008 WL 250022 at *6 (citing Gall, 128 S.Ct. at 595). Indeed, it is well-established that there is no limit to the information which sentencing courts may consider. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person . . . which a court . . . may receive and consider for the purpose of imposing an appropriate sentence."); see also Jones, 2008 WL 250022 at *7, n.6 ("It had been established long before the advent of the Guidelines that the sentencing court could properly take into account any information known to it.") (quoting United States v. Concepcion, 983 F.2d 369, 387 (2d Cir. 1992)).

Following Rita, Gall and Kimbrough, the Second Circuit has emphasized that it is "emphatically clear that the Guidelines are guidelines – that they are truly advisory." United States v. Cavera, 2008WL5102341 at *5 (2nd Cir. Dec. 4, 2008). See also United States v. Adelson, 2008 WL5155341 (2nd Cir. Dec. 9, 2008). It is clear from the Court's decision in Cavera that extraordinary circumstances are not necessary to justify a deviation from the guidelines and there is no "rigid mathematical formula" by which the justification can be measured. Id. Rather, district courts are instructed to employ their "informed and individualized judgment" to reach a sentence that is "sufficient but not greater than necessary to fulfill the purposes of sentencing." Id.

In keeping with the Supreme Court's decisions in Booker, Rita, Gall and Kimbrough, and the Second Circuit's recent decision in Jones, we respectfully urge this Court to consider Mr. Purnell's age, failing physical health and social/economic background.

## AN EXAMINATION OF THE 18 U.S.C. § 3553(a) FACTORS MAKE CLEAR THAT A NON-GUIDELINES SENTENCE IS APPROPRIATE

In imposing sentence, this Court must consider the factors set forth in 18 U.S.C. § 3553(a), which includes:

(1) the nature of and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory Guidelines range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

*Id.* After considering all of those factors, this Court must "impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in paragraph (2)." *Id.* (Emphasis added). Below this memorandum will address the factors that are most significant in Mr. Purnell's case.

1. **<u>The Nature and Circumstances of the Offense</u>**

As Your Honor was present for Mr. Purnell's trial and paid careful attention to his testimony, it would be redundant for this sentencing submission to reiterate the nature and circumstances of the offense.

2. **<u>The History and Characteristics of the Defendant</u>**

Mr. Purnell was born in the New York City on July 9, 1953. He was raised predominately by his mother, Cecilia Purnell, as his father, Ernest Purnell, was in and out of prison for most of Mr. Purnell's childhood. Mr. Purnell's mother was supportive of him, but as a single mother of four children working a minimum wage job, life was a struggle for them. As Mr. Purnell himself states, "She [his mother] did everything she could to make sure they survived." Mr. Purnell was often without supervision and left home at the age of twelve because he felt that he was an added burden to his mom and it was time for him to fend for himself. After leaving home Mr. Purnell lived in the streets, slept in the stairwells of public housing complexes and washed himself and his clothes in the water from fire hydrants.

As indicative in Mr. Purnell's criminal history, the lack of supervision and departure from home as such an early age, resulted in Mr. Purnell getting involved with the criminal justice system at a very early age. Detrimentally, his involvement with the criminal justice system has lasted all of his adult life.

**The Remaining Factors of 18 U.S.C. §3553(A)**

Protection of Society

According to *Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines*, A Component of the Fifteen Year Report on the U.S. Sentencing Commission's Legislative Mandate, issued by the U.S. Sentencing Commission in May 2004, "recidivism rates decline relatively consistently as age increases...Offenders over the age of 50 have a recidivism rate of 9.5 percent." Mr. Purnell is currently 59 years old, a sentence within the guideline range would result in Mr. Purnell being significantly older when he is released from custody and therefore his likelihood of recidivism will also be significantly lower according to the statistics.

General Deterrence

Current empirical research on general deterrence shows that while certainty of punishment has a deterrent effect, "increases in severity of punishments do not yield significant (if any) marginal deterrent effects. . . . Three separate National Academy of Science panels, all appointed by Republican presidents, reached that conclusion, as has every major survey of the evidence." Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime and Justice: A Review of Research 28-29 (2006). In a very recent study of drug offenders sentenced in the District of Columbia, researchers tracked over a thousand offenders whose sentences varied substantially in terms of prison and probation time. Donald P. Green & Daniel Winik, *Using Random Judge Assignments to Estimate the Effects of Incarceration and Probation on Recidivism among Drug Offenders*, Criminology (May 2010).[1]  The results showed that

---

[1] An electronic copy is available at: http://ssrn.com/abstract=1477673

variations in prison and probation time "have no detectable effect on rates of re-arrest." *Id.* "Those assigned by chance to receive prison time and their counterparts who received no prison time were re-arrested at similar rates over a four-year time frame." *Id.* Mr. Purnell's arrest, trial and incarceration in this case, at his age and with his medical conditions, have served sufficiently to deter Mr. Purnell from future crimes. Further lengthy incarceration will have no deterrent effect.

Educational/Vocational Training/Medical Care and Other Treatment

With respect to providing Mr. Purnell with educational or vocational training, medical care, or other correctional treatment, Mr. Purnell certainly is in need of medical care. As pointed out in the PSR by Mr. Furgueson, the New York Legal Aid Society attorney who worked on Mr. Purnell's appeal and subsequently assisted him in obtaining housing, SSI benefits and his military pension, Mr. Purnell suffers from a life threatening illness that has been left untreated since he entered the Bureau of Prisons. In light of Mr. Purnell's extremely poor health, medical care is of great importance.

Mr. Purnell has diabetes, coronary artery disease, HIV, hypertension, dihydrolipoamide dehydrogenase (a genetic disease) and has had three coronary artery bypass surgeries. (See Exhibit A; Vetrans Affairs Medical Records). Mr. Purnell is prescribed asprin for his heart, Atazanavir, Ritonavir and Emtricitabine/Tenofovir for his HIV, Lisinopril for his high blood pressure, Carvedilol for heart failure prevention, Insulin for his diabetes and Tramadol for the pain that these many diseases and illnesses cause. (See Id.). Clearly, Mr. Purnell is in extremely poor health and in need of serving his sentence at a medical facility that can address his many serious medical problems and properly administer and monitor the many medications he needs.

Mr. Purnell's health problems are of such a serious nature that he is not likely to live many more years. We ask that in sentencing Mr. Purnell the Court consider this and sentence Mr. Purnell in such a way that he has the hope of being released from prison while he is still alive.

### THE PARSIMONY CLAUSE

In recent decisions the Supreme Court and the Second Circuit have instructed the district courts to employ their "informed and individualized judgment" to reach a sentence that is "sufficient but not greater than necessary to fulfill the purposes of sentencing," as set forth in the so-called "parsimony clause" of 18 U.S.C. §3553(a)(2). As before, district judges are encouraged to use their experience and judgment in determining what price a defendant should pay for a crime, *aided* by the guidelines but in no sense governed by them.

In the instant case, the equities support an individualized sentence below the estimated guideline range set forth in the PSR.

### CONCLUSION

Given Ervan Purnell's age and medical conditions we respectfully submit that a sentence below the estimated guideline range is appropriate and reasonable, under all of the circumstances. Additionally, counsel respectfully requests that Your Honor order that Mr. Purnell be placed in a medical facility.

Dated: New York, New York
August 22, 2012

                                              Respectfully submitted,

                                              /s/

                                              Jane Fisher-Byrialsen, Esq.
                                              Fisher, Byrialsen & Kreizer, PLLC
                                              291 Broadway, Suite 709
                                              New York, New York 10007


cc:  Ervan Purnell

    AUSA Martin Bell

   Probation Officer Mullen

9