**MANDATE**

12-4167-cr
*United States v. Purnell*

N.Y.S.D. Case #
12-cr-0006(PAE)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand thirteen.

PRESENT:

> JOHN M. WALKER, JR.
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.
> *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 5, 2013

UNITED STATES OF AMERICA,

> *Appellee,*

v.

No. 12-4167-cr

ERVAN PURNELL,

> *Defendant-Appellant.*

**FOR APPELLEE:**

MARTIN S. BELL, (Jennifer G. Rodgers, *on the brief*), Assistant United States Attorneys *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

1

**FOR DEFENDANT-APPELLANT:**         JAMES M. BRANDEN, New York, NY.

Appeal from October 1, 2012 judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction is **AFFIRMED**.

Defendant-appellant Ervan Purnell ("defendant") appeals from the District Court's judgment following a jury trial in which he was convicted of attacking an on-duty official of the United States Office of Veterans Affairs with a deadly and dangerous weapon, causing bodily injury in violation of 18 U.S.C. §§ 111(a)-(b) and 1114. During its deliberations, the jury sent two notes to the district judge indicating that it was deadlocked; both times, the District Court instructed the jury to continue its deliberations.[1] The jury later sent a third note stating that "there is one juror who is being unreasonable . . . . [w]e are concerned that prior experiences which he has shared with the jurors but did not disclose at voir dire have influenced him."

When the district judge solicited comments from both sides on how to proceed, defense counsel expressed uncertainty about the propriety of the Court's inquiring into any aspect of deliberation, and suggested that "some version of the Allen charge would be helpful." Noting that in the case of simple jury deadlock an Allen charge might be helpful, the district judge stated that "the note describes a different and more fundamental and potentially structural problem" of a juror's "potential misconduct" in failing to disclose relevant information during voir dire and possibly prejudicing the jury by disclosing it, and therefore "an Allen charge . . . really is not responsive to the problem at hand." The government then submitted a letter to the Court proposing measures for proceeding, which was joined in all relevant respects by the defense. The jury identified the juror at issue, who was questioned by the district judge and was subsequently removed from the jury. Defense counsel agreed that the juror's withholding of information during voir dire justified his removal.

Following the juror's removal and replacement with an alternate, the jury convicted defendant of the one count. The District Court subsequently sentenced defendant principally to one hundred and eight months' imprisonment and three years of supervised release. This appeal followed. We assume the parties' familiarity with the facts and procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

---

[1] Between the first and second notes, an alternate was appointed to replace a juror who had fallen ill.

## DISCUSSION

Defendant raises one claim on appeal through counsel, and several claims submitted in a supplemental *pro se* brief. Through counsel, defendant argues that it was an abuse of discretion for the District Court to decline defense counsel's suggestion that the Court deliver an Allen charge in response to the jury's third note. Defendant's arguments made *pro se* include (1) that the government withheld a redacted version of a videotape shown at trial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) that the government withheld a photograph of the victim that purports to show a lack of injury, in violation of *Brady*, *id.*; and (3) that defense counsel provided ineffective assistance. For the reasons that follow, we deny these claims.

### A.

The defendant's first argument is that a new trial is warranted because the District Court erred in declining defense counsel's suggestion to issue "some version" of an Allen charge in response to the jury's indication of potential juror misconduct. "A trial judge's handling of juror misconduct and the Court's findings with respect to a jury's impartiality are reviewed for abuse of discretion." *United States v. Haynes*, 729 F.3d 178, 192 (2d Cir. 2013). "Faced with a credible allegation of juror misconduct during trial, a court has an obligation to investigate, and, if necessary, correct the problem." *Id.* "'The [district] court has broad flexibility in such matters, especially when the alleged prejudice results from statements made by the jurors themselves . . . .'" *United States v. Cox*, 324 F.3d 77, 86 (2d Cir. 2003) (*quoting United States v. Thai*, 29 F.3d 785, 803 (2d Cir. 1994)).

Here, faced with potential juror misconduct, the trial judge presciently noted that adopting defense counsel's suggestion for an Allen charge might present a "colorable claim" for appeal that he failed to "inquire as to the nature of the breakdown in the voir dire process." We recently held in a similar case, *United States v. Haynes*, that a trial court abused its discretion by *not* investigating a credible claim of juror misconduct. 729 F.3d at 192 (finding that the trial court "abused its discretion by failing to" inquire into allegation that juror discussed the case during trial). On review of the record, we conclude that the trial judge acted well within his discretion in deciding not to give an Allen charge and instead to investigate the jury's allegation of misconduct. The judge appropriately responded to the jury's first two notes by encouraging deliberation towards a verdict. When the third note suggested misconduct, he explained that encouraging the jury to "open-mindedly deliberate really is not responsive to the problem at hand." Given the nature and credibility of the allegation, the judge's decision to halt deliberations and investigate was a proper exercise of his discretion.

### B.

Second, defendant's *pro se* claims are similarly without merit. On review of the record, we find no evidence that the government withheld material information from the defense and therefore deny the two claims of *Brady* violations. We do not reach Purnell's claim that his attorney provided ineffective assistance, which is more properly brought through a motion under 28 U.S.C. § 2255. *See*

3

*United States v. Gomez*, 705 F.3d 68, 80 (2d Cir. 2013) (finding that the record of "advice [defendant] received from counsel . . . is entirely undeveloped" and stating that defendant may bring an ineffective assistance claim under 28 U.S.C. § 2255).

## CONCLUSION

We have considered all of defendant's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the October 1, 2012 judgment of conviction of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit